IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED FIRE AND CASUALTY CO., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 05-cv-0175-MJR |
| | ) |
| G.R.P. MECHANICAL, | ) |
| | ) |
| **Defendant.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, District Judge:**

**I FACTS AND PROCEDURAL HISTORY**

In this case, Plaintiff seeks declaratory judgment under **Fed. R. Civ. P. 57** and **28 U.S.C. § 2201** (the Federal Declaratory Judgments Act). Jurisdiction is based on diversity of citizenship. This case was reassigned to this Court from Judge David R. Herndon, who severed it from other cases originally brought together. Plaintiff moved for reconsideration in that case (Case No. 05-0389), which was granted on January 11, 2006. Consequently, that case was remanded to the Circuit Court of Madison County, Illinois.

The central issue in the case that has been remanded to state court is a contract dispute between Defendant and a third party. The central issue in the case that remains before this Court is whether the insurance policy issued to Defendant by Plaintiff covers the losses that resulted from this contract dispute. Thus both cases arise from the same set of events. Defendant GRP Mechanical asserts that this situation requires that this Court dismiss or stay the proceedings pending the outcome of that state court case (Docs. 8, 9). Plaintiff United Fire & Casualty responded, disagreeing (Doc. 15) and Defendant replied (Doc. 16). The Court set a hearing for oral argument

1

on the motion for February 23, 2006. But that hearing was cancelled due to other pressing matters on the Court's docket, and was rescheduled for April 27, 2006.

Upon further review, the Court has decided that no oral argument is necessary. The record and briefs are sufficient to inform the Court's decision.

## II.  ANALYSIS

### A. *BRILLHART* ABSTENTION: THE GOVERNING LAW

The central authority which gives rise to the opportunity to abstain is ***Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)**. That case, also an insurance dispute governed by state law with a related proceeding pending in state court, noted that although the Federal Declaratory Judgments Act confers jurisdiction upon the district courts in such cases, those courts are "under no compulsion to exercise that jurisdiction." ***Id.* at 494.** Indeed, "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with orderly and comprehensive disposition of a state court litigation should be avoided." ***Id.* at 495.** The district court should determine whether the issues in the case can be more readily and justly resolved in the state court proceeding. ***See id.*** It is important to differentiate such cases from those contemplated by ***Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)**, which held that federal courts should only abstain from exercising their jurisdiction in exceptional circumstances. The Supreme Court, in resolving a Circuit split, held that declaratory judgment cases should be held only to the more permissive abstention standard of *Brillhart* rather than the strict standard of *Colorado River*. ***See***

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).

Plaintiff, citing *Brillhart*, *Colorado River*, and *Wilton*, correctly points out that this Court is not required to abstain or stay but has discretion in the case.  Plaintiff also correctly summarizes the major factors to be considered: (1) whether the question in the federal case is distinct from that in the state case; (2) whether the parties in both cases are identical (including whether one case or the other is more comprehensive); (3) whether the federal case will be useful or merely duplicative; and (4) whether declaratory judgment or other appropriate relief will be available to deserving parties if the federal case does not proceed.  ***See, e.g.*, *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir.  1995).**  However, Plaintiff incorrectly states that the scales begin at equipoise when examining these factors.  Instead, the language regarding "uneconomical and vexatious" federal proceedings found in *Brillhart* and its progeny suggest that district courts should be at least somewhat inclined toward abstention.  Both parties discuss these four factors, as the Court will examine below.  It its response brief Plaintiff also discusses at length its opposition to Defendant's motion for summary judgment (Doc.  28), which seems irrelevant.  The Court will not discuss that motion in this Order.

**B.  APPLICATION OF THE FOUR *NATIONWIDE* FACTORS TO THE CASE AT BAR**

**1. Whether the Question is Distinct**

The state court case revolves around whether the insurance policy Plaintiff issued to Defendant covers the economic damages Defendant sustained in the course of performing a contract involving at least two other parties.  The federal case seeks a declaratory judgment that Plaintiff's insurance policy does not apply to the situation presented in this case.  Whether state insurance contracts apply in certain situations is a matter of state law.  At a minimum, there are issues of

contract interpretation in the case, and all of them arise under Illinois law. It is hard to fathom what distinct question could be presented such that a federal declaratory action is warranted.

### 2. Whether the Parties are Identical or Comprehensive

The two parties in this case are parties in the state court case. Subcontractor Kienstra Concrete is also a party in the state court case. Kienstra was a party in the companion case (05-0389) which was remanded to the state court by Judge Herndon. Additionally, RCS, one of Defendant's subcontractors, is a party to the state court case. Evidence concerning RCS's workmanship would certainly be at issue in the case at bar. Thus is it possible that in this Court, RCS's non-party role in the case could trigger responsibility for coverage on the part of Plaintiff, while RCS could be simultaneously found not liable in the state court proceeding. The possibility of inconsistent results and the inclusion of more relevant and necessary parties in the state court case weighs in favor of abstention.

### 3. Whether the Case will be Useful or Merely Duplicative

Plaintiff argues that the case at bar will not be duplicative of the state court case. Plaintiff claims that an action seeking declaratory judgment is substantively different than an action for breach of contract or tort. In support, Plaintiff cites two entirely irrelevant sources. One is ***Landis v. Grange Mut. Ins. Co.*, 1997 Ohio App. LEXIS 570 at \*18 (Ohio App. 1997) (Glasser, J., concurring in part and dissenting in part)**. But that case dealt with whether prejudgment interest discourages the litigation of reasonable issues of law and fact. Plaintiff also cites **16 COUCH ON INSURANCE § 233:73 DECLARATORY JUDGMENTS (2005)** for the proposition that in the insurance field, declaratory judgments are treated differently than actions for breach of contract or tort. But that section of the treatise deals with awarding costs and fees to the winning

party and bears no relation to the substantive issues in the case at bar. This argument is curious, particularly in light of the fact that, had Plaintiff flipped back a few pages to **§ 232:56 STATE VERSUS FEDERAL** of the same treatise, it would have found the following passage:

> The federal declaratory judgment act is not intended to afford a new tribunal for parties to an action that may be properly tried and determined in the state courts of co-ordinate jurisdiction; the act merely provides a new form of relief where required. Where cases pending in state courts may be tried with at least equal facility and the judgment will finally determine the matter and be binding upon all the parties having an interest in the subject matter, it is proper to dismiss an action for declaratory relief under the act. Where a suit is pending in a state court involving the same issues, a federal court should not ordinarily entertain an action for a declaratory judgment, since a duplication of state court litigation should be avoided.

(Footnotes omitted.) No source cited by Plaintiff or that the Court could find independently supports their position. The state court case concerns an alleged breach of an insurance contract, and it is central to that case whether the insurance contract covers the economic loss suffered. It is difficult to conceive that the issues are separable. Thus it seems like this factor also weighs in favor of abstention.

### 4. Whether Justice Requires that Federal Jurisdiction be Exercised

The case at bar is not well advanced compared to the state court litigation. Nor is relief available in this Court that would not be available in the state court proceeding, assuming that Plaintiff chooses to pursue those issues. Abstaining from this matter and allowing the state court to fully handle the case would not be an injustice to either party, nor would it confer an unfair advantage on either party. On the contrary, it is more likely that retaining the case introduces the

potential of injustice because of the possibility of conflicting judgments.  It is true that some courts have found in individual cases that the interest of justice required that they continue to exercise their jurisdiction.  Plaintiff cites one such case, **Scottsdale Ins.  Co.  v.  Subscriptions Plus, Inc.**, **195 F.R.D. 640 (W.D. Wis.  2000)**.  But in that case, the other *Nationwide* factors all weighed in favor of retaining the case.  There was no possibility of conflicting findings of fact, the federal case was well advanced, and the state court action was not appreciable more comprehensive.  *See id.*  The same cannot be said of the case at bar.  It is not apparent that justice requires this Court to continue to exercise its jurisdiction.  Thus the case seems like an excellent candidate for abstention based on *Brillhart*.

### III.  ORDER

For the reasons stated above, the Court **GRANTS** Defendant's motion (Doc.  8) and **ABSTAINS** from hearing the case.  For docketing purposes this shall be considered a dismissal without prejudice. The Court **CANCELS** the hearing set for April 27, 2006 at 10:00 A.M. and **DENIES AS MOOT** the outstanding motions for summary judgment (Docs.  27, 28), the motion to strike (Doc.  31), the motion to consolidate cases (Doc.  39) and the motion for extension of time to complete discovery (Doc.  59). The Court further **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED.**

**DATED this 9th day of March, 2006.**

                                            s/Michael J.  Reagan
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**